170 So. 833

**TAYLOR v. WILSON et al.**

**5 Div. 225.**

Supreme Court of Alabama.

Nov. 27, 1936.

Lawrence F. Gerald and Raymond C. Smith, both of Clanton, for appellant.

Victor J. Heard, of Clanton, for appellees.

KNIGHT, Justice.

The bill in this cause was filed in the circuit court of Chilton county, in equity, by the appellant here seeking to have certain lands sold for division among the tenants in common thereof. The complainant owned three-sevenths undivided interest in the land, and the respondents Estoria Wilson Williams, Mary Wilson Hughes, and Lottie Wilson each owned a one-seventh interest, while the respondents Reuben Wilson and Tishie Wilson each owned a one-fourteenth interest. The last two named respondents were minors, and were represented by a duly appointed guardian ad litem.

The cause proceeded to a decree of sale, and all proceedings had up to and including the order of sale seem to be regular, and no point is here made questioning the regularity of the decree directing a sale of the property for division among the several joint owners.

The question here presented for our determination is the propriety of the court's orders setting aside the sale and ordering a resale of the property.

At the sale, the appellant was the highest bidder, and became the purchaser at and for the sum of $425. The register made due report of the sale to the court on February 4, 1936. This report recited:

"That he did on the 4th day of February sell the above described real estate at public sale to the highest bidder for cash in front of the courthouse of said county, after advertising the same as directed by the court and that W. D. Taylor became the purchaser at and for the sum of $425.-

00, which sum is considered not greatly disproportionate to the value of same.

"I further report that the purchaser has paid to the register the amount of his bid."

On the second day of March, thereafter, and before the confirmation of the sale, the guardian ad litem for the minors filed in the cause a motion praying that the sale of the property be not confirmed, alleging that the property sold for an amount greatly less than its real value, in fact, less than. one-half of its real value, and further alleged that a bona fide purchaser had been secured who was ready, willing, and able to pay the sum of $700 for the land, and to show his good faith had filed his certified check for that amount, payable to the register, "as said purchaser's initial bid for said land at any resale thereof."

On March 21, 1936, the court made and entered an order setting aside the sale, and ordering a resale of the property under the "terms, conditions and instructions of the former decree."

On April 17, 1936, the said W. D. Taylor filed motion to vacate the order of March 21, 1936, ordering a resale of the property. Numerous grounds were assigned, among them: That the sale, at which he became the purchaser, was made in all respects according to law, and that the price for which the land was sold was not greatly disproportionate to its real value; that the land "was worth very little, if any, more than the price for which it sold"; that after the sale, and in good faith, *and before a motion was made to vacate the sale,* he (purchaser) had made considerable and necessary repairs, etc., the cost and value of which repairs amounted to about the difference between the price for which the land was sold and the $700.00 now offered; and that the person who now offers to bid $700.00 for the land at a resale was present throughout the sale.

This motion was duly presented to the court, and was set down for hearing on April 27, 1936. On the hearing of appellant's motion, a large number of witnesses were examined ore tenus before the court, and at the conclusion of the evidence the court remarked to counsel: "I will tell you my idea about this: If Mr. Robinson wants to pay $900.00 let him put a check in here with the register, certified check, and he can countermand the check heretofore given, and I will let you sell it." To this Mr. Robinson replied: "It might bring more than that; somebody else might bid more

for it. I have understood it might bring $1,000.00 or $1,200.00." The court: "You understand you are getting the first bid; if somebody else outbids you, you get your check back. Of course you could raise the bid to $1,000.00."

It was agreed by and between the parties to the cause that the said Robinson did in fact upon the hearing deposit with the register of the court $900 to guarantee a bid from him for that amount in the event the property was resold.

The court at the conclusion of the hearing entered a decree on appellant's said motion overruling the same.

The appellant, Taylor, examined a large number of witnesses whose testimony tended to show that the reasonable market value of the property was not in excess of the amount for which it sold at the register's sale, to wit, $425. One witness, W. C. Robinson, who owned adjacent lands, testified that its real market value was from $700 to $800, stating that he had tried to buy it for that amount but could not. He was then asked the following questions:

"Was that February 4th, or prior to the sale, or was it the date of the sale? Answer: Date of sale, yes, sir."

"Question: Is the $700.00 you offered for the land before the improvements that Mr. Taylor has testified about here; did that enter into your estimate of what you would have paid? Answer: I just figured $700.00 for the land, it wouldn't make much difference with the improvements or without them."

■ We entertain no doubt but that the decree setting aside the sale made by the register, and ordering a resale, is such a final decree as will support an appeal. Hendrix v. Francis, 203 Ala. 342, 83 So. 66, 69; Montague et al. v. International Trust Co., 142 Ala. 544, 38 So. 1025; Roy et al. v. O'Neill, 168 Ala. 354, 52 So. 946.

■ This court in the case of Hendrix v. Francis, supra, held that it was the duty of the court to regard the interest of the owners so far as that can be done without discouraging bidders generally or diminishing their confidence in such sales, and in doing so it exercised a discretion—a judicial discretion—in the matter of confirmation vel non. And we may here say that, the discretion being judicial, it is subject to be reviewed and revised for abuse in its exercise.

In the Hendrix Case, supra, this court gave its approval to the following rule declared by Rorer on Judicial Sales (2d Ed.) § 110: "The matter of confirmation rests so peculiarly upon the wise discretion of the court, in view of all the surrounding facts and circumstances, to be exercised in the interest of fairness, prudence, and the rights of all concerned, that it is difficult to come at any absolute legal rule on the subject, other than that of a sound legal discretion. But any * * * circumstance by which interests are prejudiced without the fault of the injured party or parties, or by reason whereof property is sold at an under price considerably disproportioned to its real value, will be deemed sufficient cause for refusing confirmation and for ordering a resale."

In the case of Roy et al. v. O'Neill, 168 Ala. 354, 52 So. 946, 948, this court, while calling attention to the fact that it was not necessary, for the purposes of a decision of the case, to determine just what "theory will govern in partition sales," proceeded to declare the rule in cases where a sale is ordered and had in the progress of the administration of an estate. It is there observed: "When the court, in the progress of administration, grants an order for the sale of the lands of the estate, it seems that a different principle applies. [Referring to cases where creditors are attempting to collect their judgment by sale.] The rights of no creditor to the enforcement of his claim is involved, and it seems proper and equitable that the court should see that a reasonably fair price is obtained, before confirming the sale. Accordingly, section 2642 of the Code of 1907 provides that the court must be satisfied not only 'that the sale was fairly conducted,' but also that 'the land sold for an amount not greatly less than its real value,' before confirming the sale."

■ While the sale is not complete and rests in negotiation until confirmed, yet it is recognized that the purchaser assumes burdens by bidding and having the property "knocked off" to him at the sale, and likewise, with the burdens placed upon him by the law, he acquires rights thereunder. He is regarded as the owner from the day of his purchase; bearing the loss, if the thing sold perishes, or deteriorates in value, and entitled to any appreciation in value, or accretions to the thing, during the time necessarily intervening between the sale and the confirmation. From the "day of purchase, until the decree of confirmation, the purchaser becomes a quasi party

to the cause in which the decree of sale was rendered, subject, as such, to the decrees and orders the court may render in reference to the sale, its vacation, or confirmation." Thomas v. Caldwell, Adm'r, 136 Ala. 518, 34 So. 949, 950; Haralson v. George's Ex'r, 56 Ala. 295, 297.

In 47 Corpus Juris, § 764, p. 553, it is stated by the author: "Since courts of equity have a control over sales made under their decrees, which is not governed by legal rules, they may, *in the interest of justice,* vacate a partition sale even upon grounds that would be insufficient to confer upon a party an absolute legal right to a resale, the chancellor being vested with a sound discretion in such matters." (Italics supplied.)

In this case, the minors have petitioned for a resale of the property, and have found a purchaser who is not only willing to give an amount largely in excess of the price bid by appellant, but who has actually deposited in the court the money to make his offer good.

We cannot affirm, upon the evidence found in the record, and which was given ore tenus before the court, that the chancellor erred in setting aside the sale and ordering a resale. On the contrary, we think he has reached a proper conclusion.

However, it appears that, after the purchase and before any effort was made to have the sale set aside, the purchaser expended considerable money in making necessary permanent improvements upon the land, and it is only equitable that he should be reimbursed for such improvements out of the common fund that may be secured on the resale, before any distribution is made.

When the sale is made, the court is directed to ascertain by proper proceedings the reasonable value of such improvements, and order the payment of the same to appellant, before any distribution is made to the several tenants in common. Littell v. Zuntz, 2 Ala. 256, 36 Am.Dec. 415; Thomas v. Caldwell, Adm'r, supra; Haralson v. George's Ex'r, supra; Patten et al. v. Swope, 204 Ala. 169, 85 So. 513.

It follows that the decree appealed from is affirmed, with directions.

Affirmed, with directions.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.