27 So.2d 490

### CAMPBELL et al. v. CARTER.

2 Div. 222.

Supreme Court of Alabama.

Oct. 10, 1946.

Gamble & Lapsley, of Selma, for appellee.

Pettus, Fuller, Reeves & Stewart and T. G. Gayle, all of Selma, for appellants.

SIMPSON, Justice.

The appeal seeks to reverse a decree of the circuit court in equity, confirming a

partition sale to appellee of lands of the estate of Edward Tavel, deceased.

The decree ordering the sale designated the two administrators of the estate as commissioners to sell the land either publicly or privately, subject to confirmation by the court. Pursuant to this authority a private sale of the property was negotiated and finally consummated with appellee, who made a deposit of $500 and was ready and able to pay the balance when the sale should be confirmed by the court. The appellee, at this judicial sale, thus became the purchaser—"that is, one whose offer to purchase is accepted by the officer authorized to make the sale, subject to confirmation by the court in due course." Harduval v. Merchants' & Mechanics' Trust & Savings Bank, 204 Ala. 187, 188, 86 So. 52.

Though the sale is regarded as in negotiation and is not complete until confirmed by the court, the bidder to whom the property is sold is recognized as the purchaser. He becomes a quasi party to the cause, acquires certain equities in the property, and is subject to the decretal orders of the court with reference to the sale. Taylor v. Wilson, 233 Ala. 182, 170 So. 833; Harduval v. Merchants' & Mechanics' Trust & Savings Bank, supra.

The commissioners, however, failed to report this sale to the court, and about thirty days thereafter, Mrs. Campbell, one of them (the other commissioner having died in the meantime), negotiated and received a second offer from her son, advancing the price about ten per cent. She then reported both bids to the court and requested confirmation of the second one.

The court confirmed the first sale made to appellee and this appeal is by administratrix Campbell and the other heirs at law of the decedent, who challenge the decree for this action and for failing to approve the second bid. No contention is made that the first sale was not fairly and regularly conducted nor that the property did not bring its fair value, but it is insisted that since the sale was not binding on the estate until confirmed by the court (Henry v. White, 224 Ala. 427, 140 So. 391; Wilson v. Phillips, 235 Ala. 410, 179 So. 203), it was the duty of the court to accept the second bid because it was more. This is not the legal test.

As to judicial sales generally, the courts of this country, including our own, have never countenanced the practice of ordering a re-sale upon mere advance in the amount bid (Littell v. Zuntz, 2 Ala. 256, 36 Am.Dec. 415), but have adhered to the principle that where the sale is to a stranger and fairly conducted, without fraud or mistake, inadequacy of price alone will not suffice to set the sale aside unless so grossly disproportionate to the real value as to amount to fraud. Harduval v. Merchants' & Mechanics' Trust & Savings Bank, supra, 204 Ala. at page 188, 86 So. 52.

This is the general, underlying principle and based on public policy, recognizing that to adopt a rule of setting aside sales because of a subsequent, advance offer would chill the bidding and render judicial sales generally unstable, thereby resulting in discouraging bidders and diminishing the amounts realized. Bethea v. Bethea, 136 Ala. 584, 34 So. 28; 35 C.J. 105, § 170.

This general principle cannot be overlooked in sales for distribution in the progress of the administration of an estate. While we have said that in such a proceeding "the court should see that a reasonably fair price is obtained, before confirming the sale" (Roy v. O'Neill, 168 Ala. 354, 52 So. 946, 948), the same policy against avoiding such sales because of a subsequent advance offer inhers and, if the court is satisfied the sale was fairly conducted and the land sold for a price not greatly less than its real value, the purchase price having been paid or properly secured, the sale should be confirmed. Schloss-Sheffield Steel & Iron Co. v. Borden, 201 Ala. 628, 79 So. 190; Code 1940, Tit. 61, § 266.

The decision of the trial court affirming the sale to appellee was consonant with these settled principles. The sale was fairly and honestly made pursuant to the decree. The commissioners through their duly authorized attorney induced the offer from appellee and then accepted it. The commissioners had previously certified, and there was other similar evidence before the court, that the amount bid was the

fair value of the property. This fact seems not to have been disputed.

The appellee was a stranger to the proceedings and this is also to be considered in favor of the decree, for, as our decisions have indicated, "that circumstance makes a difference." Hendrix v. Francis, 203 Ala. 342, 344, 83 So. 66, 68; DeLoach v. White, 202 Ala. 429, 80 So. 813.

The matter of confirmation rests peculiarly upon the wise discretion of the court. His decision is of weighty consideration on review (DeLoach v. White, supra) and, on the facts disclosed, we think the decree well sustained and should be affirmed.

The statute of frauds is not available to reverse the decree. Without considering the question of waiver (Johnson v. Maness, 232 Ala. 411, 168 So. 452; Shakespeare v. Alba, 76 Ala. 351; Ritch v. Thornton, 65 Ala. 309) or estoppel (Linn v. McLean, 85 Ala. 250, 4 So. 777), a complete answer to the argument in this regard is that this was a judicial sale duly reported to the court by the officer authorized to make the same and is not within the inhibition of the frauds statute. Code 1940, Tit. 20, § 5; Culli v. House, 133 Ala. 304, 32 So. 254. See also Code 1940, Tit. 7, §§ 353, 356, which further illustrate the principle.

The decree is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.