31 So.2d 134

### BERMAN v. PATTON et al.
### 6 Div. 589.

Supreme Court of Alabama.
June 26, 1947.

318

David R. Solomon, of Birmingham, for appellant.

Earl McBee and D. G. Ewing, both of Birmingham, for appellees.

STAKELY, Justice.

The question for decision is whether a register's sale should be set aside or allowed to stand. The lower court set the sale aside. This appeal is from that decree. Taylor v. Wilson et al., 233 Ala. 182, 170 So. 833.

There is no attack on the decree of the court which authorized the sale. The decree was entered in the equity court in a proceeding to sell certain lands lying in Jefferson County for distribution of the proceeds among the joint owners or tenants in common, because the lands could not be equitably partitioned in kind. Parties to the suit are J. W. Patton, as administrator to the estate of Bert S. Patton, deceased, and the heirs at law of Bert S. Patton, deceased. Administration of the estate had been previously transferred to the equity court and is now pending in the equity court. Sol Berman (appellant), a stranger to the proceeding, was the purchaser at the sale. His bid was $9,800 cash.

The lands aggregate 128 acres and front 450 feet on the Montgomery Highway and a quarter mile on the Montgomery Trailer Route. It is within 8 or 10 miles of the center post in the City of Birmingham. There is merchantable timber on the property worth about $1,000. The improvements consist of a small house with four rooms and a hall, a barn, a garage and two wells. The property is reasonably worth $100 per acre or $12,800. There is testimony tend-

ing to show that property of the same general nature in the neighborhood had been recently sold for $250 per acre.

In the event of a resale one Batson has agreed to start the bidding at $12,000. As a guarantee for such bid he deposited $1,200 with the register. There is no claim of error or irregularity in the sale. It is the opinion of the trial court that the amount bid at the sale for the property was "considerably disproportioned to its real value."

■ Appellant very earnestly insists that the sale should not be set aside for mere inadequacy of price because the price was not so grossly inadequate as to justify a presumption of legal fraud. Littell v. Zuntz, 2 Ala. 256, 36 Am.Dec. 415; Simmons v. Sharpe, 138 Ala. 451, 35 So. 415; Danforth v. Burchfield, 201 Ala. 550, 78 So. 904; Parker v. Bluffton Car Wheel Co., 108 Ala. 140, 18 So. 938. However, we are dealing here with a sale for division, made in connection with the administration of an estate. As was pointed out by this court in Roy et al. v. O'Neill, 168 Ala. 354, 52 So. 946, in a sale of this kind the redemption statutes give no protection to the owners and accordingly it is the duty of the court to see that a reasonably fair price is obtained before confirming the sale. Taylor v. Wilson, supra. This principle was recognized in the recent case of Campbell et al. v. Carter, 248 Ala. 294, 27 So.2d 490.

■ In the last mentioned case we held in effect that whether in a given case a price is so inadequate as to justify the court in refusing confirmation is peculiarly within the discretion of the court. Accordingly such weight is accorded the decree of the trial court that we will not reverse by substituting our own judgment so long as the action of the court does not amount to abuse of discretion. Taylor v. Wilson, supra; Montague et al. v. International Trust Co., 142 Ala. 544, 38 So. 1025; Hendrix v. Francis, 203 Ala. 342, 83 So. 66; DeLoach v. White, 202 Ala. 429, 80 So. 813.

■■ In the case at bar the sale brought about one-third less that its reasonable market value and there is a guarantee of a new bid 22½ percent higher than the sale

price. However the advance in the bid while important (Montague et al. v. International Trust Co., supra), is not within itself the basis of the court's decree, as shown by its recitals, and should not be. Spence v. Spence, 239 Ala. 480, 195 So. 717; Campbell v. Carter, supra. The vital point is the difference between the reasonable market value of the property and the amount of the bid. Authorities supra. In Campbell v. Carter, supra, relied on by appellant, there was no contention that the property did not bring its fair value. The court declined to set aside the sale merely upon an advance bid of 10 percent.

Each case of this kind must rest on its own bottom. Since we are not willing to say that the court abused its discretion, its decree will not be disturbed.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.