42 So.2d 621

### SIEBEN v. TORREY et al.
### 6 Div. 870.

Supreme Court of Alabama.
Oct. 6, 1949.

Rehearing Denied Nov. 17, 1949.

H. A. Entrekin, of Cullman, for appellant.

676

Mitchell & Galin, of Cullman, for appellees.

SIMPSON, Justice.

The appeal brings up for review a decree of the circuit court in equity confirming a sale of land for division among the joint owners. The decree is challenged on the ground of inadequacy of price for which the land sold.

The principal grounds advanced for setting aside the decree are: (1) The sale was conducted under such circumstances of fraud or unfairness toward the owners as to require its excision; and (2) the price was so grossly inadequate and disproportionate to the real value of the land as to be manifestly unconscionable and thus requiring a disaffirmance. We are impelled to the conclusion that the hearing, ore tenus, before the trial judge failed to establish, with any degree of certainty, either ground.

On review here it is to be remembered that we do not weigh the evidence as regards its reasonably satisfying effect on the issue tendered, but in considering it we indulge all favorable presumptions to sustain the trial court's conclusion and will not disturb it unless palpably erroneous or manifestly unjust. Jennings v. Jennings, 250 Ala. 130(10), 33 So.2d 251; Cook v. Benton, 250 Ala. 259(3), 33 So.2d 877; Forest Hill Corp. v. Latter & Blum, 249 Ala. 23(6, 7), 29 So.2d 298. Approaching a decision with this guiding rule, it will be made evident the decree must stand.

As regards the first ground the mere fact that the purchase was for a club, many members of which were prominent citizens of the county, interested in the purchase and some of whom sought to influence persons to withhold any proffer of a higher bid in the event of a resale of the property, does not show ony fraud or unfairness transacted by them in connection with the original sale. It may be considered as a circumstance to afford an unfavorable inference, but the undisputed testimony was adverse to such an inference, which testimony the court could and did credit. He heard and saw the witnesses who so testified and was better advantaged to appraise the verities of the situation than are we. So according that decision the favorable presumption due under the stated rule, we must hold the asserted ground untenable.

On the question of the second ground (inadequacy of price), we observe that the sale price was $1,800 and there was some evidence that this was reasonable and not greatly disproportionate to the real value of the property. To sustain the ground of inadequacy of price, appellant introduced the testimony of some witnesses to the effect that the value of the land was as much as $3,000 (though others placed the

 

value much lower) ; and the appellant, who did not bid at the sale and, from aught appearing exerted no activity until afterward, posted an offer to bid $2,750 should the court disaffirm and order a resale. Our view is that the court is also due to be sustained in overruling this ground. Mere inadequacy of price alone does not justify a disaffirmance of the sale and we cannot say that the price was so disproportionate to the proven value as "to shock the understanding and conscience of an honest and just man." Dunn v. Ponceler, 235 Ala. 269(7), 178 So. 40, 44.

█ The pertinent rule was thus stated in the comparatively recent case of Campbell v. Carter, 248 Ala. 294, 296, 27 So.2d 490, 491:

"As to judicial sales generally, the courts of this country, including our own, have never contenanced the practice of ordering a re-sale upon mere advance in the amount bid * * * but have adhered to the principle that where the sale is to a stranger and fairly conducted, without fraud or mistake, inadequacy of price alone will not suffice to set the sale aside unless so grossly disproportionate to the real value as to amount to fraud * * *

"This is the general, underlying principle and based on public policy, recognizing that to adopt a rule of setting aside sales because of a subsequent, advance offer would chill the bidding and render judicial sales generally unstable, thereby resulting in discouraging bidders and diminishing the amounts realized. * * *"

█ Here, not only was the appellee a stranger to the proceeding, which circumstance makes a difference, Hendrix v. Francis, 203 Ala. 342, 344, 83 So. 66, 68; Campbell v. Carter, supra, 248 Ala. 294, 295, 27 So.2d 490 but, also, the matter of confirmation rested peculiarly upon the wise discretion of the court and his decision is of weighty consideration on review, De Loach v. White, 202 Ala. 429, 80 So. 813; and on the facts disclosed we cannot say that this discretion has been abused.

██ Short of these two principal insistences is the argument that error prevailed in the action of the court in sustaining appellee's objection to the introduction of certain evidence (as to value of the land) in rebuttal. We find no error here, since this was properly a part of the appellant's case in chief. And the acceptance or rejection of evidence not strictly in rebuttal is within the sound discretion of the trial court. Cooper v. Slaughter, 175 Ala. 211 (4), 57 So. 477; Horton v. Louisville & N. R. Co., 161 Ala. 107(10), 49 So. 423.

On a careful consideration, we have become convinced that the errors assigned are untenable.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.