105 So.2d 860

**Albert J. MARTIN et al.**

v.

**Glynn JONES.**

3 Div. 814.

Supreme Court of Alabama.

Oct. 16, 1958.

Jones, Murray & Stewart, Montgomery, for appellants.

Donald McKay, Montgomery, for appellee.

SIMPSON, Justice.

This is an appeal from a decree confirming a judicial sale of certain real property owned jointly by appellants and appellee and from an order denying the appellants' motion to set aside the decree.

The appellee, Glynn Jones, owned an undivided one-half interest in the property and filed a bill for sale for division. Prior, however, to filing the bill, he made several efforts through counsel to contact appellants with the view of purchasing the property, but his efforts were of no avail. He then filed the bill. Service was had on respondents, nonresidents, by registered mail and by publication and on January 9, 1956 the court ordered the property sold at public sale for division among the joint owners. The Register sold the property on February 7, 1956 and the property was purchased by a stranger to the title, one L. R. Haigler, for $1,250. The Register's report of the sale was filed on February 8, 1956 and ordered to lie over for five days. On August 27, 1957 the court entered a decree confirming the sale. Appellants, on September 10, 1957, filed a motion to set aside the decree, averring that the appraised price of the property at the time of the sale was $4,000 and that $1,250, for which the property was sold, was greatly disproportionate to its true value. The appellants also asked in their motion that they be given an opportunity to purchase the interest of appellee for the sum of $2,000, or that the appellee be required to purchase the interest of appellants for

the same sum, all in accordance with the prayer of the appellee in his original bill. The trial court entered an order denying the motion and declining to set aside the confirmation of sale. In this order, however, the court did opine that the sale price of $1,250 was greatly disproportionate to the appraised value of $4,000, but stated that the respondents had shown no fraud in the transaction and were not entitled to have the sale set aside. It might be here observed that the appellants made no appearances or took no interest in the proceedings until they filed their motion to set aside the confirmation of sale.

The real question raised by the several assignments of error is whether the trial court erred in refusing to set aside the confirmation of sale, even though in its opinion $1,250 was greatly disproportionate to the appraised value of $4,000 and further in holding that the appellants were required to show fraud before being entitled to have the confirmation set aside.

■■■ We observe at the outset that in suits of this type the matter of confirmation rests peculiarly upon the wise discretion of the court, in view of all the surrounding facts and circumstances, to be exercised in the interest of fairness, prudence, and the rights of all concerned, and his decision is of weighty consideration on review. Sieben v. Torrey, 252 Ala. 675, 42 So.2d 621; De Loach v. White, 202 Ala. 429, 80 So. 813; Taylor v. Wilson, 233 Ala. 182, 170 So. 833; Roy v. O'Neill, 168 Ala. 354, 52 So. 946; Sayre v. Elyton Land Co., 73 Ala. 85. We will only revise the discretion of the lower court for abuse of its exercise. Taylor v. Wilson, supra; Danforth v. Burchfield, 201 Ala. 550, 78 So. 904. On review we do not weigh the evidence as regards its reasonably satisfying effect on the issue tendered, but in considering it we indulge all favorable presumptions to sustain the trial court's conclusion and will not disturb it unless palpably erroneous or manifestly unjust. Sieben v. Torrey,

supra; Cook v. Benton, 250 Ala. 259, 33 So. 2d 877.

■■■ After a studious consideration of the record we conclude that upon a hearing ore tenus the trial judge committed no abuse of discretion in confirming the sale and in refusing to set aside said confirmation on the later motion of appellants. It is the general rule that the reasonable market value of any item is what a willing purchaser will pay a willing seller, and from aught appearing, the property may not bring more, or even as much, on a resale. About twelve persons attended the bidding and not more than one bid was made. The evidence fails to reveal any unfairness practiced during the sale or any irregularities occurring in any of the proceedings. By virtue of Section 561, Tit. 7, Code 1940 courts have full power over execution or judicial sales and whenever satisfied that a sale made under any legal process is infected with fraud, oppression, irregularity or error to the injury of either party, the sale may be set aside. But it is well established that inadequacy of price alone is not sufficient to justify a court to vacate a sale unless the inadequacy is so glaring and grossly disproportionate to the real value of the property as at once to shock the understanding and conscience of an honest and just man and sufficient to create the presumption of fraud. Sieben v. Torrey, supra; Dunn v. Ponceler, 235 Ala. 269, 178 So. 40; Washington v. Young, 224 Ala. 232, 139 So. 92; Danforth v. Burchfield, supra; Ray's Adm'r v. Womble, 56 Ala. 32; Henderson v. Sublett, 21 Ala. 626. When the property is purchased by a stranger, the sale will not be set aside for mere inadequacy of price, no matter how gross, unless there is some unfair practice at the sale or unless there is mistake or surprise, without fault on the part of those interested. Sieben v. Torrey, supra; Campbell v. Carter, 248 Ala. 294, 27 So.2d 490; Helena Coal Co. v. Sibley, 132 Ala. 651, 32 So. 718; Littell v. Zuntz, 2 Ala.

256. And the purchaser at a judicial sale is generally due to have it confirmed if the price bid is measurably adequate, or not greatly less than its market value, although some of the parties may offer to bid a much larger sum at a resale. Spence v. Spence, 239 Ala. 480, 195 So. 717. Also, it has been held that in no such case, where a stranger purchases, will a sale be set aside after confirmation, unless fraud can be imputed to the purchaser, which was unknown to those interested at the time of the confirmation of the sale. Littell v. Zuntz, supra.

In the case at bar the purchaser was a stranger to the proceedings leading up to the sale. As we have said before, no unfair practice at the sale has been shown. Appellants do not rely upon any theory of surprise or mistake. It was incumbent, therefore, upon appellants to show such facts and circumstances surrounding the sale, including the disparity between the sale price and the market value, which would lead to the presumption of fraud. Having failed in this, appellants were not entitled to have the sale set aside.

Appellants can avail nothing by their offer, in the motion to set aside, to purchase the interest of appellee for the sum of $2,000 or the alternative request that the appellee be required to purchase the interests of appellants for the same sum, which they allege would be in accordance with the prayer of the original petition of the appellee. The court does not possess the power to make such a decree. "If, for any cause, the first sale was vacated, the court could only order another sale. Howison v. Oakley, 118 Ala. 215, 237, 23 So. 810; Cruikshank v. Luttrell, 67 Ala. 318, 322, 323." Roy v. O'Neill, supra [168 Ala. 354, 52 So. 949].

The extent of equity jurisdiction in such a case is to vacate the sale and order a resale, with the additional power to remove the instrument of conveyance to the purchaser at the sale vacated as a cloud on the title of the party seeking the resale. Dunn v. Ponceler, supra; Ray's Adm'r v. Womble, supra. It may be that upon a resale the property would bring more than $2,000, but the appellants have not even tendered the sum stated to the court to make their offer good—if this would avail anything. See Taylor v. Wilson, supra. Appellants have waited until confirmation of the sale and a last-minute offer in an attempt to set it aside. Appellee tried to reach such a settlement with them long before that time, i. e., August of 1954, but appellants apparently avoided any negotiation. As this Court observed in Roy v. O'Neill, supra:

> "We cannot attach much, if any weight to the offer, by the heirs, of $12,500, as that was not made until after sale had been confirmed. It was then too late to make the offer. Field v. Gamble, Adm'r, 47 Ala. 443; Lowe v. Guice, 69 Ala. 80, 83."

To adopt a rule of setting aside sales because of a subsequent, advance offer would defeat public policy by chilling the bidding and rendering judicial sales generally unstable, thereby resulting in discouraging bidders and diminishing the amounts realized. Sieben v. Torrey, supra; Campbell v. Carter, supra; Taylor v. Wilson, supra; Littell v. Zuntz, supra; Bethea v. Bethea, 136 Ala. 584, 34 So. 28.

In the light of authorities adverted to above we must hold that appellants have failed to sustain their claims of error.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.