234 So.2d 879

James L. DEVERELL

v.

David D. HORTON.

LANDVESTORS, INC.

v.

James L. DEVERELL, David D. Horton and James H. Horton.

6 Div. 764, 764–A.

Supreme Court of Alabama.

April 30, 1970.

Marshall H. Sims, Trussville, for appellant.

Weaver & Herrin, Birmingham, for cross-appellant.

Smyer, White, Reid & Acker and Fitzhugh A. Burttram, Birmingham, for appellees David D. Horton and James H. Horton on appeal and cross-appeal.

MADDOX, Justice.

This is a proceeding in equity, as authorized by statute, for the sale of property of tenants-in-common and for a division of the proceeds of the sale.

Complainants in this cause are David and James Horton, who are brothers. The respondent is James Deverell. Complainants say that prior to March 11, 1968, they were the joint owners and tenants-in-common—each with an undivided one-half interest—in certain real and personal property primarily used for the rental and upkeep of riding horses. On March 11, 1968, James Horton sold his one-half interest to James Deverell, subject to a mortgage on the real estate held by one C. P. Campbell, and Deverall continued the partnership with David Horton on substantially the same basis. Deverell was to pay his share of the partnership debts as they came due and pay James Horton $3,700 for his share. James Horton claims that Deverell has paid only $300 on what he owes, and that he therefore asserts a vendor's lien against whatever interest respondent Deverell has in the property. The complainants asked for a public auction for the sale of the partnership property and for a division of the proceeds.

Respondent Deverell filed a demurrer to the complaint on the ground, among others, that there is a misjoinder of parties complainant in that the bill affirmatively alleges that James Horton does not own an interest in said real estate. The court overruled this demurrer.

Deverell then filed an answer and cross-bill in which he also prayed that the partnership property be sold and the proceeds be distributed among the joint owners or tenants-in-common.

The trial court ordered a sale of the property stating that all parties were in full accord and agreement to the order of sale. The decree, entered with the consent of all parties according to the court, dissolved the partnership, ordered the property sold at public outcry (subject to the balance due under a first mortgage to Campbell), and ordered a referral to the Register for a determination by him of the respective interests of the separate parties to the partnership and for an accounting to establish their interests after sale.

The Register then gave notice of sale and held the sale at which Landvestors, Inc., was the high bidder at $13,000.

Respondent Deverell then filed an exception to the report of the Register in which he alleged that the value of the land greatly exceeded the bid, further claiming that partnership debts were some $16,000.

The court heard the argument on the exceptions and continued the hearing on the exceptions, stating that it was the purpose and intent of the court to obtain the highest price possible for the property. The court ordered that any of the parties to the proceeding could obtain a firm offer from a "prospective purchaser" of the said property and refused to rule upon Deverell's exceptions at that time.

Thereafter, Landvestors, the successful bidder at the public sale, filed demurrers to the exceptions filed by Deverell and also made a motion to strike the exceptions, both of which the court overruled.

At some time during these proceedings concerning the exceptions, one Royal Jones purportedly filed a bid of $19,400. The

record does not show how- and under what circumstances this bid was made,· but apparently Jones was a "prospective purchaser" under the order of the court. Landvestors tendered a "matching bid" of " * * $5,001.55, which,· when considered together with the $13,000.00 previously paid ·into (sic) the Register and the $1,399.45 paid out to protect the subject real · and personal property, makes a total price of $19,401.00 or the sum of $1.00 in excess of the offer made by said Royal Jones. * .* * "

The court then entered an order styled "Decree Confirming Sale" as follows:

"The Register having caused notice of sale to be advertised pursuant to the decree of this Court entered on, to-wit, April 25, 1969, and the. Deputy Register having held said sale on, to-wit, May 29, 1969, in accordance with said decree, and having filed his report on, to-wit, June 4, 1969, reporting that the highest and best bid was made by Landvestors,. Inc., in the amount of $13,000.00, which said sum has been paid into the Registry of the Court, · and the said report having been ordered to lie over one day for exceptions, and the exceptions having been heard and the Court having received a bid for the properties above referred to in the sum of $19,400.00 (which said sum represents a substantial increase over the sum bid at the public sale) before any confirmation by the Court of the said public sale, and the Court finding (and it does hereby find) that the sale price of the said properties as bid and knocked down to the purchaser at said public sale, namely, Landvestors, Inc., is inadequate and that the proferred (sic) bid of $19,-401.55 (sic) is a fair and reasonable price for the said properties and, for this advanced price, the report of the Deputy Register is hereby adopted and confirmed and it is CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court as follows:

ONE: The exceptions are hereby over-ruled and denied.

TWO: The said sale,· both ·of the. real property and of the personal property is hereby ratified and confirmed in all respects, upon payment of·-the sum of $5,001.55 by Landvestors, Inc. to the Register."

The Court further ordered, the Register to execute a deed to the real. estate and a bill of sale of the personal property to Landvestors.

To this decree Deverell made a motion to set aside the judgment. He alleged that the bid of Royal Jones was $1,398.45 higher than the bid of Landvestors in that Jones' bid was for $19,400 outright. It is not disputed that the court allowed Landvestors.a credit of $1,399.45 already paid to preserve the property. The court denied Deverell's motion.

The Register made an accounting and the parties were paid.

Appellant Deverell· assigns as error the trial court's action .in .overruling his demurrer to the original bill of complaint. He claims there was a 'misjoinder of parties complainant in that the complaint shows that James Horton, one of complainants, had sold his interest in the property and therefore did not have title ·or .a·perfect equity in an interest in the subject matter of the suit. Without' deciding whether there was a misjoinder we think that if there was error, it was. waived when Deverell agreed to the entry of the consent decree which'ordered a sale of the property. In fact, Deverell does not assign as error the court's entry of the decree ordering a sale of the property. By consenting to the decree of the court ordering a sale, without reserving the right to object to prior irregularities, Deverell waived any prior irregularity and released any prior errors. Gunter v. Hinson, 161 Ala. 536,. 50 So. 86 (1909). Furthermore, Deverell, in his cross-bill, asked the court to order,a public sale of the real and personal property and if there -was a misjoinder of parties complainants, Deverell's rights were ·not ad-

versely affected. See Holloway v. Holland, 260 Ala. 101, 69 So.2d 289 (1953).

In other assignments of error Deverell contends that the trial court erroneously refused to confirm the sale to Royal Jones for $19,400 and committed error in accepting Landvestors' bid of $19,401 and giving Landvestors credit for the amounts which Landvestors had paid in order to preserve the property during the period of litigation. In turn, Landvestors files cross-assignments of error and contends that it was the purchaser at the public sale, having made the highest bid of $13,000 and that the court erred in refusing to confirm the sale, but instead allowed additional bidding, during which time Royal Jones filed his bid of $19,400. Landvestors' bid of $19,401 was entered under protest and Landvestors did not waive its right to claim error on the part of the court in refusing to confirm the sale to it for $13,000.

The central issue is the rights of the parties under our law in cases involving sales for partition.

█ The power of an equity court to order the sale of property for division among joint owners is controlled by statute, the court having no inherent or original jurisdiction in this regard. Title 47, § 186, Code of Alabama, 1940 (Recompiled, 1958); Copeland v. Giles, 271 Ala. 302, 123 So.2d 147 (1960). An equity court, proceeding "according to its own practices in equity cases," as provided for in § 186, has authority to order a public or private sale, the prime objective being, in all cases, to sell the property so as to produce the highest possible sum for division. Copeland v. Giles, supra; Dillard v. Alexander, 277 Ala. 202, 168 So.2d 233 (1964).

█ In this case, the trial court initially ordered a public sale and Landvestors entered a high bid of $13,000 which the court found to be "inadequate" and gave time for any interested party to obtain a firm offer from a prospective purchaser of the said property, thereby, in effect, establishing a procedure for the conduct of a private sale. The trial judge's determination of the inadequacy of the bid made at the public sale is substantiated by the subsequent bid by Landvestors of $19,401 which is $6,401 more than the highest bid obtained at the public sale. In view of the fact that the court should obtain the highest sum possible in partition cases, we think the court, in the exercise of its sound discretion, could refuse to confirm the public sale, and could, as it did, adopt a procedure which did result in producing a higher sum than was produced at the public sale. Therefore, Landvestors' argument on cross-appeal that the court erred in not confirming the sale of the property to it for $13,000 must fail.

The only other question presented is whether the trial court committed reversible error in allowing Landvestors to file a matching bid which was only $1.00 more than that filed by Royal Jones, the court also allowing Landvestors a credit in the sum of $1,399.45. After the public sale Landvestors paid $13,000 into court and paid $300 on a real property mortgage, $109 for insurance, and $990.45 on a chattel mortgage.

█ Deverell claims that Royal Jones' bid was in the amount of $19,400 and the assumption of the outstanding indebtedness on the property as of the date of the original sale. While this statement is made in Deverell's assignment of error and in Deverell's brief, the record does not show the exact nature of the Royal Jones' bid. In a motion to set aside the judgment of the court confirming the sale to Landvestors for $19,401, Deverell does state that the Royal Jones' bid included *an assumption of the indebtedness as of the date of the public sale.* Since we do not have in the record the actual bid by Royal Jones we cannot determine whether the Jones' bid of $19,400 also included an assumption of any and all indebtedness against the property as of the date of the public sale. The record does reflect that the tender of Landvestors to match Jones' bid was alleged to be "$1.-

00 in excess of the offer made by Royal Jones" and that the court confirmed the sale to Landvestors upon such tender. In the absence of evidence to the contrary we cannot assume the trial court, in its decree confirming the sale, failed to comply with the guidelines laid down in Copeland v. Giles, supra, to obtain the highest price possible, with fairness, prudence and a just regard to the rights of all concerned. In other words, we cannot presume that the trial court failed to perform its duty to sell the land in such a manner as to produce the highest possible sum for distribution. *The record* fails to show that the Royal Jones' bid was the highest possible sum and the action of the trial court in confirming the sale to Landvestors is not shown to be in error. See Fancher v. Fancher, 262 Ala. 489, 80 So.2d 248 (1955). We cannot presume the existence of facts or testimony, as to which the record is silent, and make it a ground of reversal.

The judgment of the lower court is affirmed.

Affirmed.

LAWSON, MERRILL, HARWOOD and McCALL, JJ., concur.