BLOODWORTH, Justice.
This is an appeal from a judgment confirming the sale of land for division. The decree ordering the sale was affirmed by this Court in Hicks v. Hicks, 348 So.2d 1368 (Ala.1977). Appellant, plaintiff in the partition suit, is entitled to one-sixth of the proceeds of the sale. Appellees are entitled to the remaining five-sixths.
The land is 1441 acres of timberland in Pike and Crenshaw Counties. A public sale was conducted by the clerk of the circuit court, resulting in a sale of the 1441 acres to Paul Bryant, Jr., the only bidder, for $50,000. The purchaser later testified that he made his bid on behalf of the appellees (one of whom is his wife), the other owners of the land.
In his report to the trial court, the clerk recommended confirmation of the sale for $50,000, which he stated was, in his judgment, the reasonable cash market value of the land. Appellant filed an objection to confirmation and a motion to set aside the sale on the following grounds: (1) the sale price of $50,000 for 1441 acres is grossly inadequate and grossly disproportionate to its real value; (2) the present market value of land in Pike County and Crenshaw County is substantially more than the amount bid, $35 per acre; (3) the sole bidder is not a stranger to the partition suit; (4) the land was not sold so as to produce the highest possible sum for division; and, (5) if resold at a public or private sale, the land will bring substantially more than $50,000.
After a hearing on the objection and motion, the trial court confirmed the sale. This appeal followed.
Each case of this kind must be determined on its own facts. Berman v. Patton, 249 Ala. 317, 31 So.2d 134 (1947). Appellant recognizes that confirmation of judicial sales should not lightly be withheld, but she contends that her objections to confirmation in this instance are valid.
The purchaser at this sale is not a stranger to the proceedings, and this makes a difference. De Loach v. White, 202 Ala. 429, 80 So. 813 (1919). The standard for reviewing judicial sales when the purchaser is not a stranger is stated in Spence v. Spence, 239 Ala. 480, 487, 195 So. 717, 722-23 (1940):
“The purchaser at such a sale is due to have it confirmed if the price bid is measurably adequate, or not greatly less than its market value, although some of the parties may offer to bid a much larger sum at a resale.”
Accord, Sanford v. Sanford, 355 So.2d 365 (Ala.1978).
At the hearing on the motion, appellant presented testimony of an experienced real estate appraiser, who had made a personal inspection of the property, that the fair market value of the land is between $100,000 and $150,000. Appellant also placed in evidence the estate tax return for the estate of W. A. Hicks, original owner of the land, which valued the land at $144,100 in December 1974.
Appellees claim that there is conflicting opinion evidence as to the value of the land, ranging from $150,000 down to less than the sales price, $50,000. The evidence as to the low value was given by three witnesses. One, a Mr. Arrons, admitted that he had no opinion as to the fair market value on the date of sale, and would not be interested in buying the land at any price. Another, a Mr. Fowler, admitted that he too had no opinion as to the fair market value, and that the land had no value to him. The *863 third, the clerk who conducted the sale, stated that he had no opinion as to the fair market value because he had not seen the land, but that he recommended confirmation only because there were others present at the sale although they did not bid. Thus, it is clear that these witnesses do not present any convincing evidence as to the value of the land as opposed to the testimony of appellant’s appraiser, and in this state of the evidence, it appears that the sales price was not measurably adequate.
Appellees further contend that any inadequacy in sales price is attributable to the appellant since she had a representative at the bidding but did not bid nor notify her post-sale bidder. Mr. Justice Embry, in dissent, cites Wilson v. Henderson, 206 Ala. 472, 90 So. 285 (1921), and Helena Coal Co. v. Sibley, 132 Ala. 651, 32 So. 718 (1902) for this proposition. But in those cases there was shown some active participation or intimidation of bidders. These factors have not been shown in the instant case.
The trial court concluded that to set aside the sale would be unfair to the defendants. But, as appellant contends, it is not unfair to make the bidder pay a fair price for the land if he wishes to buy it, and it is unfair to the appellant to make her take one-sixth of an inadequate price as her share in the sale.
A new sale is in order because the overriding objective in these cases is to sell the property so as to realize the best price obtainable with regard to fairness and the rights of all concerned. Copeland v. Giles, 271 Ala. 302, 123 So.2d 147 (1960).
Appellant, before confirmation, found a buyer willing to give two and one-half times the amount bid at the sale ($125,000) and willing to deposit this amount in court to guarantee that price on resale. In a similar case, this Court affirmed a trial court which ordered a resale when complainants found a purchaser willing to give an amount greatly in excess of the bid price and who deposited that amount in court. Taylor v. Wilson, 233 Ala. 182, 170 So. 833 (1936). See also Jones v. Bridges, 336 So.2d 1113 (Ala.1976), where a higher subsequent bid was deposited and resale was conditioned upon opening the bidding at that amount, and Deverell v. Horton, 285 Ala. 588, 234 So.2d 879 (1970), where a higher subsequent bid was considered to be evidence of the inadequacy of the initial sales price.
It is thus that we reverse and remand this cause to the trial court with directions to order another public sale on condition that the amount of $125,000 is deposited by K. M. Wall by certified or cashier’s check with the Clerk of the Circuit Court, within 30 days from the date of the release of this opinion, such sum to become the opening bid; and, if said K. M. Wall fails in this condition, the cause to stand affirmed.
REVERSED AND REMANDED WITH DIRECTIONS, ON CONDITION.
TORBERT, C. J., and MADDOX, FAULKNER, JONES and SHORES, JJ., concur.
ALMON, EMBRY and BEATTY, JJ., dissent.