ADAMS, Justice.
This is an appeal from a judgment entered by the Circuit Court of Baldwin County confirming the sale of land to the appellee Theresa A. Briggs and her son in a partition suit.
Plaintiff-appellant Ruby E. Briggs was the first wife of Willard M. Briggs, Sr., and was married to him for approximately 47 years prior to their divorce in 1977. She became a non compos mentis during the later years of their marriage. After the divorce, defendant Theresa A. Briggs married Willard M. Briggs, Sr., and lived with him until his death. She was the sole beneficiary in his last will and testament.
A few months after Willard M. Briggs, Sr.’s death, Ruby E. Briggs, by and through her son, filed a sale for division suit against the second wife, Theresa A. Briggs, and *1266 others. As a result of this action, a sale was conducted on November 23, 1981, and Ruby Briggs and her son were the highest bidders and became the purchasers of the real estate for the sum of $24,600.00.
Defendants then filed a “motion to set aside sale for division” on the ground that the purchase price of the property was grossly inadequate and not the highest and best price that could or should have been obtained for the property. Defendants made it known to the court that when they made a bid to the register for $24,500.00, just $100.00 less than the bid made by the plaintiff, they thought they had bid $49,-000.00. They said they thought the register automatically gave them credit for the one-half interest they had in the property, making the total bid $49,000.00. Giving due consideration to defendants’ representations, the court orally stated that it would set aside the order of confirmation to Ruby Briggs and her son if defendants would meet two conditions. The first condition was that the defendants produce a bank letter of credit documentation of defendants’ present ability to bid at least $49,-000.00 for the real estate. The second condition was that an affidavit be filed with the court by the person having the bank letter of credit documentation to the effect that said person would be present and would make a bid of at least $49,000.00 for the property at another sale of the real estate by the register in the case. Plaintiffs informed the court that they would not object to another sale by the register if the defendants, within a reasonable time, made a showing of a present ability to bid $49,000.00 for the property. Defendants were one day late in filing the requested affidavit and 16 days late in filing the bank letter of credit evidencing the commitment of $49,000.00. However, the trial court determined that defendants had acted within a reasonable time, if not within the strict limits set by the court’s order, and set aside the sale to plaintiffs and ordered a new sale. At the second sale, defendant and her son were the highest and best bidders for the property, bidding $54,000.00, more than twice the original bid.
This litigation raises an interesting issue. That issue is whether a trial judge in a sale for division case is so constricted by his own time limitations that he cannot ignore them in the interest of obtaining the best price obtainable, giving due regard to fairness and the rights of all concerned. We opine that he is not, and affirm his judgment.
We know no area of the law where judicial discretion is more important than the area of the law dealing with land partition and sale. We have said over and over again that the paramount consideration in these cases is the obtaining of the highest and best price for the property sought to be sold, giving due consideration to the rights of all parties concerned. Sanford v. Sanford, 355 So.2d 365 (Ala.1978); Jones v. Bridges, 336 So.2d 1113 (Ala.1976). In furtherance of that objective, we have affirmed the lower court’s judgment where it has set aside (as was done in this case) the original sale and ordered a new sale. Hicks v. Hicks, 362 So.2d 861 (Ala.1978); Jones v. Bridges, 336 So.2d 1113 (Ala.1976); Deverell v. Horton, 285 Ala. 588, 234 So.2d 879 (1970); Taylor v. Wilson, 233 Ala. 182, 183, 170 So. 833 (1936). On the other hand, we have affirmed the circuit court’s judgment in which it exercised its discretion not to set aside a sale. Recently, in Hanks v. Jewell, 401 So.2d 29 (Ala.1981), we refused to set aside a sale to a widow where the sale was challenged by the brother of the widow’s husband on the ground of a conspiracy to discourage bids against the widow. This court agreed with the trial court that there was a failure of proof in this regard and confirmed the sale even though there was substantial testimony that the property might have been worth substantially more than the amount for which it was sold to the widow at the judicial sale.
Although the point is not argued in appellant’s brief, we are not unmindful of the chilling effect that may be had on judicial sales where the courts are too liberal in setting aside sales which have been made in all seriousness. See Justice Almon’s and Justice Embry’s comments in Jones v. Bridges, 336 So.2d 1113 (Ala.1976), and *1267 Hicks v. Hicks, 362 So.2d 861 (Ala.1978), respectively. But there has never been any real argument made that the trial court could not set aside a sale if there were some irregularity in the proceeding. Jones v. Bridges, supra; Martin v. Jones, 105 So.2d 860, 268 Ala. 286 (1958). We believe that the trial court was well within the bounds of its discretion in setting aside this sale, believing, as it must have, that Theresa A. Briggs and her son mistakenly thought that they had bid $49,000.00 when the register considered their bid only to be $24,500.00. They, having an undivided one-half interest in the property, could reasonably have thought they had made a bid for $49,000.00 when they offered $24,500.00.
The trial court took the proper course of action when it required Theresa A. Briggs and her son to demonstrate that the alleged mistake was truly a mistake. It required the defendants to produce a bank letter of credit documentation of present ability to bid at least $49,000.00 for the property and also to file an affidavit by the person having the bank letter of credit documentation to the effect that said person would be present and would make a bid for at least $49,000.00. As it turns out, the trial court’s exercise of its discretion was to the best interest of plaintiff and defendants. The property sold for more than twice what was originally offered by plaintiff. In spite of this, the plaintiff would insist to us that the original sale should be confirmed because the trial court said that the defendant’s documentation should have been to it within ten days. Plaintiff says that ten days means “ten days.” During the proceedings in the court below, the plaintiff agreed that the sale could be set aside provided Theresa A. Briggs and her son presented the above documentation within a reasonable time. She has not shown the slightest prejudice suffered by her as the result of the court’s failure to insist on the strict timetable it set on its own motion. The plaintiff failing to show prejudice, while, at the same time, receiving a substantial benefit, we would be remiss if we interfered with the trial court’s substantial discretion in the area of judicial sales. We, therefore, hold that the trial court did not abuse its discretion in failing to abide by the time limit set by it. For the foregoing reasons, this judgment is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.