CRAWLEY, Judge.
In November 1998, Eloise Hamler sued Annie Ruth Wilson and several other individuals, seeking a sale of real estate that they jointly owned and a division of the proceeds. The trial court ordered that the real property be sold to the' highest bidder in a sealed-bid auction. Peyton Cochrane submitted the highest bid — $86,100; that bid was contingent, however, upon Coch- *296 rane’s being able to purchase adjoining real property owned by Wilson. Wilson declined to sell her adjoining real property, so Cochrane’s bid was rejected. H.M.A., L.L.C., had submitted the next highest bid — $45,000. The trial court entered a judgment confirming a sale to H.M.A. for $45,000. All the cotenants objected to the confirmation of the sale. Wilson and Hamler each appealed to the supreme court, which transferred the appeals to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
Wilson and Hamler each argue that the trial court erred by confirming the sale of the real property to H.M.A. for $45,000. The supreme court has stated the standard of review applicable to sale-for-division cases:
“This Court generally will apply the ore terms rule in a dispute involving the partition or sale of real estate where evidence was presented to a trial judge without a jury, and a presumption of correctness will be given to the trial court’s conclusions on issues of fact. See, Gray v. Reynolds, 514 So.2d 973 (Ala.1987); King v. Travelers Ins. Co., 513 So.2d 1023 (Ala.1987); Nelson v. Littrell Lumber Co., 512 So.2d 1340 (Ala.1987). Furthermore, under the ore tenus doctrine this Court will not reverse a trial court’s decision unless it is ‘plainly and palpably wrong.’ See, McInnis v. Lay, 533 So.2d 581 (Ala.1988); Moore v. Williams, 519 So.2d 1337 (Ala.1988); Parker v. Barnes, 519 So.2d 945 (Ala.1988).”
Samuel v. Mallory, 553 So.2d 119, 120 (Ala.1989).
Wilson and Hamler both argue that the sale price was inadequate and, therefore, that the judgment confirming the sale should have been set aside. They do not argue that any error occurred in the procedure of the sale. They rely on Jones v. Bridges, 336 So.2d 1113 (Ala.1976), as stating the standard to be applied in a sale-for-division action to determine whether the price paid by a stranger to the title, such as H.M.A. is in this case, was inadequate. The Jones court held:
“[A] court should not refuse to confirm a [sale for division] if a reasonably fair price is obtained.. However, if after considering all of the surrounding circumstances, it is convinced that the price obtained was not a reasonably fair one, then it is within the court’s discretion to order a new sale.”
336 So.2d at 1115-16. They argue that $45,000 is not a “reasonably fair price” for the real property.
H.M.A. contends that the standard for determining whether the sale price is inadequate is whether the price is so disproportionate to the value of the real property as to “ ‘shock the understanding and conscience of an honest and just man.’ ” Samuel, 553 So.2d at 121 (quoting Martin v. Jones, 268 Ala. 286, 288, 105 So.2d 860, 863 (1958)). H.M.A. contends that $45,000 is not such a disproportionate price for the land as to shock one’s conscience.
After reviewing the record, we conclude that the trial court properly upheld the sale, under either the “reasonably fair price” standard or the “so disproportionate as to shock the conscience” standard. Wilson and Hamler argue that undisputed evidence regarding the value of the real property was presented by David Burns, an appraiser with almost 30 years of experience in appraising real property in the Tuscaloosa area. Burns testified that the value of the real property was $86,000. After reviewing the record, we disagree with Wilson and Hamler’s argument that the $86,000 value was undisputed.
It is undisputed that the property is zoned for commercial use. Burns testified *297 that because of current zoning “setback” requirements, no commercial structure other than maybe a hot dog stand could be built on the property. He also qualified his appraisal by admitting that his appraisal of $86,000 anticipated that this real property would become part of a larger parcel upon which a commercial structure could be built within the current zoning regulations. Leonard Robinson, an agent of H.M.A., testified that the $45,000 offer was more than the real property was worth. The three other lesser bids for the property ranged from $20,000 to $87,000. We conclude that the trial court could have found that $45,000 was a “reasonably fair price” and that the price was not “so disproportionate” a price as to shock one’s conscience. Therefore, we affirm the trial court’s judgment confirming the sale of the real estate for $45,000.
AFFIRMED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ„ concur.