The plaintiff, Van Gray, appeals the judgment entered in favor of the defendants, James M. Reynolds and J. Eugene Garrison, in a breach of contract action. Gray contracted with Reynolds and Garrison (both hereinafter referred to as "Reynolds") to purchase sawdust at fifty cents ($.50) per ton. However, before Gray could complete his contract, Reynolds sold 6000 tons of the same sawdust to a third party for $1.00 per ton. Gray then sued Reynolds for breach of contract. The trial court ruled in favor of Reynolds, holding that the writing sued upon was insufficient to support a judgment in favor of Gray and that the writing constituted a standing offer from Reynolds to Gray for Gray to purchase sawdust at a set price. We disagree with the judgment of the trial court and reverse.
On March 2, 1984, Gray and Reynolds entered into the following agreement, written by Reynolds:
"CONTRACT OF SALE
"AGREEMENT DATE MARCH 2, 1984
 "This agreement is a contract for the sale and removal of approximately 9,000 tons of sawdust being sold by J. Eugene Garrison and James M. Reynolds, joint property owners of 13.83 acres lying in Dallas County, Alabama, T-17, R-10, S-19. The purchaser of said sawdust will be Van Gray.
 "It is hereby agreed that the above stated property owners will convey said sawdust to Van Gray for cash payment at the rate of $0.50 per ton. It is further agreed that Van Gray will remove the entire sawdust pile, leaving the real property level and drainable. Payments for *Page 975 
this sawdust will be made on a weekly basis.
 "Sellers /s/ J. Eugene Garrison
J. Eugene Garrison /s/ James M. Reynolds
James M. Reynolds
"Buyer /s/ Van Gray
 "Buyers Address __________" (Plaintiff's trial Exhibit 1, R. 33, 327)
After the contract was signed, Gray spent $4,000 improving a road located on the property so that he could use heavy equipment to remove the sawdust. Gray removed sawdust for several weeks in March and April. After this period, due to equipment problems, Gray did not haul away any sawdust for a period of several weeks. When Gray returned to the property to resume hauling the sawdust, Reynolds called Gray and told him he was allowing a Mr. Brown to haul away sawdust for $1.00 per ton. Soon thereafter, Gray returned to the property and noticed a loader parked near the sawdust pile and saw that someone other than himself had removed sawdust. He also noticed damage to the road that he had improved. At this time, Gray considered the contract breached, and he contacted his attorney.
Gray argues that a valid contract existed between himself and Reynolds and that the trial court erred when it did not give it full effect. Reynolds argues that the contract is vague and indefinite in its terms and, therefore, that the intention of the parties cannot be fairly and reasonably understood. He also argues that what actually existed was a standing offer from Reynolds to Gray allowing him to purchase and remove the sawdust at his will. We disagree.
Where a trial court bases its judgment upon findings of fact in a non-jury case in which the evidence was presentedore tenus, a presumption of correctness attaches to that judgment. Cougar Mining Co. v. Mineral Land MiningConsultants, Inc., 392 So.2d 1177 (Ala. 1981). However, no such presumption exists when the trial court has improperly applied the law to the facts. Smith v. StyleAdvertising, Inc., 470 So.2d 1194 (Ala. 1985).
The elements of a contract are: (1) an agreement, (2) with consideration, (3) between two or more contracting parties, (4) with a legal object, and (5) legal capacity. Freemanv. First State Bank of Albertville, 401 So.2d 11 (Ala. 1981). No argument is made between the parties concerning the last three elements.
First, there must be an agreement. In order to determine the nature of a contract, the court should look at the contract's terms and conditions. Grass v. Ward,451 So.2d 803 (Ala. 1984). In order to determine the contract's nature and meaning, the trial court must construe the contract as a whole. Dudley v. Fridge,443 So.2d 1207 (Ala. 1983). The contract plainly states that Gray is to buy 9,000 tons of sawdust from Reynolds for $.50 a ton. It also states that Gray is to remove the entire sawdust pile. Both parties agreed that the pile was estimated at 9,000 tons. It is clear that Gray was to purchase the whole pile. The contract gives the location of the property and states that Gray is to make cash payments on a weekly basis. As there is no ambiguity as to the agreement between Gray and Reynolds, we now examine the agreement in order to determine if consideration exists.
The agreement in this case is supported by consideration.
 Adequate consideration exists, or is implied, if it arises from any act of the plaintiff from which the defendant derived a pecuniary benefit . . . if such act was performed by the plaintiff to the desired end, with the expressed or implied assent of the defendant. That which creates and carries a benefit to the party promising, or causes trouble, injury, inconvenience, prejudice, or detriment to the other party, is sufficient consideration. Christie v. Durden, 205 Ala. 571, 88 So. 667 (1921).
Files v. Schaible, 445 So.2d 257, 260 (Ala. 1984). In this case, Gray spent $4,000 improving the road in order to be able to remove the sawdust. Reynolds sold Gray all the sawdust at $.50 per ton, and Reynolds further received a benefit by the promised removal of the sawdust. Reynolds *Page 976 
testified that one of his main concerns was the complete removal of the sawdust from the property so that he could build a convenience store. It is apparent that Reynolds was to receive a benefit at Gray's detriment.
Reynolds also argues that the contract must fail because it lacks a commencement or completion date. However, this argument must also fail. Reynolds and Gray both testified that time was not of the essence. Generally, time is not of the essence in a contract. Gay v. Tompkins,385 So.2d 973 (Ala. 1980); Moore v. Lovelace,413 So.2d 1100 (Ala. 1982). However, parties can make time essential by a clear manifestation of intent within the contract itself, by later notice to one party from the other, by laches on the part of a party seeking enforcement, or by change of value in the subject matter of the contract. See Moore,supra. However, in this case, none of these conditions occurred. Therefore, Reynolds's claim that the contract must fail because a time for performance is not stated is without merit.
Where a contract, from its terms, is plain and free from ambiguity, it must be enforced as written. P SBusiness, Inc. v. South Central Bell Telephone Co.,466 So.2d 928 (Ala. 1985); Kinnon v. Universal UnderwritersIns. Co., 418 So.2d 887 (Ala. 1982). It is clear that Gray purchased the sawdust pile from Reynolds and that Reynolds breached the contract when he sold some of the sawdust to a third party at a higher price. Therefore, the trial court erred when it ruled that the contract was nothing more than a standing offer, and its judgment is reversed.
For the reasons set forth, the judgment is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.