ROBERTSON, Judge.
This is an appeal from a judgment on an implied contract.
Hubert Lee Davis (appellee) filed an action in Lowndes County Circuit Court against Lee Snyder (appellant) for work *818 and labor done and materials furnished in building cabinets for a home appellant was having constructed. After a nonjury trial, judgment was entered in favor of appellee in the amount of $3,037.50, plus costs. After a motion for new trial was denied by Rule 59.1, Alabama Rules of Civil Procedure, an appeal was taken to this court.
The record reflects that on April 30,1986 appellant executed a mortgage to Deborah C. Martin, d/b/a Martin Homebuilders (Martin) in the amount of $54,000 for the purpose of building a house. This mortgage was transferred, assigned, and conveyed unto Goldome Credit Corporation (Goldome) on May 23, 1986 by Martin. Appellant and Martin also entered into a contract whereby Martin agreed to construct a house for appellant. The contract, however, was not made a part of the record.
Appellant testified that he agreed with Martin to furnish a Jacuzzi and a fireplace, and to get the cabinets built. Appellant further testified that he contacted appellee and negotiated with him on the cabinets in the amount of $2,700, but thought that Martin was to pay for the cabinets. However, he did not communicate this to appel-lee until sometime in July after the cabinets and other work appellant requested had been completed by appellee in June 1986. Appellant also testified that around the first of August 1986 he met with a representative of Goldome, approved the house as being finished, and approved the third and final payment of the $54,000 mortgage to Martin for building the house. Appellant is now making monthly mortgage payments to Goldome. Appellant has no complaint about appellee’s work and is satisfied with it.
Appellee testified that he never had any contact with anyone except appellant concerning the cabinets; that he agreed to build them for $2,700; that he later agreed to build two vanity cabinets and install a door for the wash room and a door to go on the heater; that he has never been paid anything; that he expected to be paid by appellant; and that he has never had any contacts with Martin. Appellee filed a lien on September 4, 1986 against appellant's property in the amount of $2,700.
The issue before this court is whether the trial court, after an ore tenus proceeding, erred in entering judgment in favor of appellee.
Appellant first argues that the trial court erred in enforcing the materialman’s lien because appellee did not give written notice to appellant pursuant to section 35-11-210, Code 1975. Under that section, notice is required only if appellee was a subcontractor or materialman to the contractor. We find no evidence that appellee was either of those. Also, the judgment made no mention of the lien.
Appellant further argues that the court erred in finding that appellee was entitled to damages for work and labor done. The testimony before the court was undisputed that appellee performed the work to appellant’s satisfaction and enhancement, but was not paid. The amount claimed was not disputed, only who was to pay. “[I]n a non-jury case in which the evidence was presented ore tenus, a presumption of correctness attaches to that judgment.” Gray v. Reynolds, 514 So.2d 973, 975 (Ala.1987) (citation omitted). The record clearly supports the trial court’s judgment.
Appellant’s final argument is that the trial court erred in awarding damages under appellee’s claim of unjust enrichment. After all of the testimony was taken, appel-lee orally amended counts two and three of his complaint to include claims for work and labor done and unjust enrichment. The trial court’s order makes no mention of unjust enrichment; therefore, we cannot conclude that the trial court even considered that theory of recovery.
Finding no error, we affirm.
AFFIRMED.
INGRAM, P.J., and RUSSELL, J., concur.