RUSSELL, Judge.
This is an appeal from an action by a City employee for back pay and reinstatement.
Morris Wright (employee) was demoted by the City of Sheffield (employer) for abusing equipment which he operated. From an action alleging improper demotion and seeking back pay and reinstatement, the trial court entered judgment for the employer. The employee appeals. We affirm. “Where a trial court bases its judgment upon findings of fact in a non-jury case in which the evidence was presented ore tenus, a presumption of correctness attaches to that judgment.” Gray v. Reynolds, 514 So.2d 973, 975 (Ala.1987).
The employee worked for the employer as an employee of the Street and Sanitation Department in various job classifications during his eleven years of employment, including those of laborer, truck driver, special laborer, and operator, the latter category including work in either of the other categories. Most of the employee’s work involved driving a truck. As a result of reports of abusing the truck he used by excessive speed, popping the clutch, and spinning his wheels, the employee was warned by both his immediate foreman and by the supervisor of the Street and Sanitation Department, but to no avail. The superintendent of the Street and Sanitation Department was informed of the unusual number of breakdowns on the truck driven by the employee. An investigation of these breakdowns revealed that the fault was due to the abuse of the truck by the employee. Based on the investigation, the superintendent advised the supervisor that the employee would be demoted to laborer. Two letters, signed by the superintendent, were issued to the employee. The first notified him of a three-day layoff and demotion to laborer and cited as grounds the provisions of policy procedure number two. The second notified him that his pay scale would reflect his new classification.
Policy procedure number two is a sub-part of the Regulations and Work Procedures for the Street and Sanitation Department (regulations), which were before the court, and that subpart reads as follows:
“POLICY PROCEDURES
[[Image here]]
“2. All drivers will be responsible for the proper and safe operation of any equipment he is driving and will be held responsible in case of negligence.”
Other pertinent parts of the regulations read as follows:
“WORKING CONDITIONS
[[Image here]]
“GREAT CARE SHALL BE USED BY ATI, EMPLOYEES IN THE OPERATION OF CITY OWNED VEHICLES. CITY OWNED VEHICLES SHALL BE *1056 OPERATED IN A SAFE AND REASONABLE MANNER.
[[Image here]]
“GRIEVANCE PROCEDURE
“ATI, WORKING CONDITIONS, SPECIAL RULES, AND UNSAFE CONDITIONS SHALL BE SUBJECT TO THE FOLLOWING GRIEVANCE PROCEDURE:
“A. IF AN EMPLOYEE FEELS HE HAS A GRIEVANCE HE SHALL, WITHIN TWO DAYS OF THE DATE THE GRIEVANCE BECAME KNOWN TO HIM, NOTIFY HIS IMMEDIATE SUPERVISOR OF THE ALLEGED GRIEVANCE.
“B. FAILING SATISFACTORY ADJUSTMENT THE EMPLOYEE AND THE IMMEDIATE SUPERVISOR SHALL DISCUSS THE ALLEGED GRIEVANCE WITH THE SUPERVISOR.
“C. FAILING SATISFACTORY ADJUSTMENT THE EMPLOYEE SHALL DISCUSS THE ALLEGED GRIEVANCE WITH THE COMMISSIONER.
“D. FAILING SATISFACTORY ADJUSTMENT THE GRIEVANCE MAY BE TAKEN TO THE BOARD OF COMMISSIONERS BY THE GRIEVANT.”
The supervisor testified that copies of the regulations were distributed to all employees, including Wright.
The record reveals that the employee was not a civil service employee. Section 11-44-28, Ala.Code 1975 (1985 Repl.Vol.), operates to invest the governing board of commissioners of a municipality with the plenary power in the selection of employees who do not come under civil service regulations. Mountain v. Collins, 430 So.2d 430 (Ala.1983).
We find that section 11-44-29, Ala. Code 1975, gave the power to the superintendent to exercise the powers and duties assigned by the board, including demotion or termination of employees.
We find that, for whatever reasons the employee may have had, he failed to exercise all his rights under the grievance procedures, leaving at least an inference that he abandoned those rights, agreed with the action demoting him, or just did not choose to pursue them.
Under the facts stated above, we find that there is sufficient evidence to support the trial court’s decision, and in view of our ore tenus presumption, we pretermit a discussion of the other issues raised and affirm the trial court’s judgment.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.