This appeal involves the question of whether a trial judge abused his discretion in setting aside a court-ordered sale of real estate because of inadequacy of the price.
Servilla Mallory and Willie Daniel Drakeford, sister and brother, petitioned the Circuit Court of Conecuh County to sell real estate situated in Conecuh County for the purpose of division and distribution of the proceeds. The Honorable Robert E.L. Key, Circuit Judge of Conecuh County, ordered an appraisal of the real estate, and the results of the appraisal were returned to the court showing the property to be worth $23,650.00.
On December 6, 1988, the circuit judge ordered the real estate sold at public auction by the court clerk, and after proper notice the real estate was sold by the court clerk to Monroe Samuel, the intervenor, who had bid the highest price of $19,000.00. The court clerk reported the proposed bid to the court.
Servilla Mallory and Willie Daniel Drakeford, plaintiffs, filed objections to the proposed bid given by Samuel, and a successor circuit judge, the Honorable Samuel Welch, Jr., conducted a hearing to determine whether the proposed bid accepted by the court clerk should be set aside for inadequacy *Page 120 
of the price. Testimony was taken by the court at that hearing, and after the hearing, the trial judge set aside the sale and ordered another sale to be conducted on May 8, 1989.
On April 11, 1989, Samuel moved to intervene in the action and to vacate the trial judge's order that had set aside the sale. His motion to intervene was granted on April 18, 1989. A hearing was conducted on Samuel's motion to set aside the sale on May 2, 1989. The court denied the motion and entered an order directing that the real estate be resold on May 8, 1989. On May 5, 1989, Samuel gave notice of appeal and requested the trial judge to stay the pending resale of the real estate, but the trial judge denied his motion to stay. Samuel then moved this Court to stay the resale, and this Court granted his motion, pending his appeal.
The issue facing this Court is whether the trial judge abused his discretion in setting aside the court-ordered sale. The only ground supporting the plaintiff's motion to set aside the earlier court-ordered sale was that the bid price of $19,000.00 offered by Samuel was inadequate. As mentioned earlier, the real estate had been appraised at a value of $23,650.00, a difference of $4,650.00.
This Court generally will apply the ore tenus rule in a dispute involving the partition or sale of real estate where evidence was presented to a trial judge without a jury, and a presumption of correctness will be given to the trial court's conclusions on issues of fact. See, Gray v. Reynolds,514 So.2d 973 (Ala. 1987); King v. Travelers Ins. Co., 513 So.2d 1023
(Ala. 1987); Nelson v. Littrell Lumber Co., 512 So.2d 1340
(Ala. 1987). Furthermore, under the ore tenus doctrine this Court will not reverse a trial court's decision unless it is "plainly and palpably wrong." See, McInnis v. Lay,533 So.2d 581 (Ala. 1988); Moore v. Williams, 519 So.2d 1337 (Ala. 1988);Parker v. Barnes, 519 So.2d 945 (Ala. 1988).
The basis of the appellees' motion to set the sale aside was that the sales price was inadequate. Alabama courts have held consistently that where a stranger to the proceedings is involved, mere inadequacy of the sales price will not alone be sufficient grounds to set a sale aside. See, Jetton v. Jetton,502 So.2d 756 (Ala. 1987); Jones v. Bridges, 336 So.2d 1113
(Ala. 1976); Martin v. Jones, 268 Ala. 286, 105 So.2d 860
(1958); Sieben v. Torrey, 252 Ala. 675, 42 So.2d 621 (1949);Campbell v. Carter, 248 Ala. 294, 27 So.2d 490 (1946).
This Court, in Sieben v. Torrey, supra, in considering the refusal of a trial court to set aside a sale of property for $1,800.00 where some bids on the property had been as high as $3,000.00 and there was an outstanding offer for the property at $2,750.00, held:
 "Mere inadequacy of price alone does not justify a disaffirmance of the sale and we cannot say that the price was so disproportionate to the proven value as 'to shock the understanding and conscience of an honest and just man.' "
252 Ala. at 677, 42 So.2d at 622, quoting Dunn v. Ponceler,235 Ala. 269, 178 So. 40 (1937).
The Sieben Court continued to quote from an earlier decision,Campbell v. Carter, supra, in which this Court established the rule that normally applies:
 "As to judicial sales, generally, the courts of this country, including our own, have never countenanced the practice of ordering a re-sale upon mere advance in the amount bid . . . but have adhered to the principle that where the sale is to a stranger and fairly conducted, without fraud or mistake, inadequacy of price alone will not suffice to set the sale aside unless so grossly disproportionate to the real value as to amount to fraud. . . ."
252 Ala. at 677, 42 So.2d at 622.
In Martin v. Jones, supra, this Court applied this principle to uphold a ruling by the Circuit Court of Montgomery County, that a bid of $1,250.00 for property appraised at $4,000.00, although greatly disproportionate, was not sufficient evidence, in the absence of a showing of fraud, to have a judicial sale set aside. The Martin Court held that the inadequacy of the sales *Page 121 
price, in order to warrant the vacation of a sale, must be
 "so glaring and grossly disproportionate to the real value of the property as at once to shock the understanding and conscience of an honest and just man and sufficient to create the presumption of fraud."
268 Ala. at 288, 105 So.2d at 863.
In the present case, the appellant, Monroe Samuel, had no relationship to either of the plaintiffs or to the defendants in the proceedings to sell the property. He became involved when he, through his agent, Robert Foshee, in an attempt to purchase the property for his daughter and her husband, Robert and Dorothy S. Bradley, made the high bid of $19,000.00 at the January 9, 1989, auction of the property. He is obviously a stranger to the proceedings. The only evidence as to the value of the property was a court-ordered appraisal. That appraisal placed the value of the property at $23,650.00 in October 1988. The determination is not whether the bid was lower than the market value of the property, but "whether [the] bid was so inadequate as to warrant ordering a new sale." See, Martin v.Martin, 415 So.2d 1120 (Ala.Civ.App. 1982). It is obvious that this difference between his bid and the appraised value does not "shock the understanding and conscience of an honest and just man" or "create the presumption of fraud."
The appellees also rely on the fact that another individual, who was not present at the January 9, 1989, sale was willing to make a higher bid on the property than the appellant. However, this position is also untenable. See Martin v. Martin, supra;Sanford v. Sanford, 355 So.2d 365 (Ala. 1978); Jones v.Bridges, supra; Martin v. Jones, supra; Sieben v. Torrey, supra; Campbell v. Carter, supra. This Court has said that to set aside a judicial sale because of a subsequent advance offer
 "would defeat public policy by chilling the bidding and rendering judicial sales generally unstable, thereby resulting in discouraging bidders and diminishing the amounts realized."
Martin v. Jones, 268 Ala. at 289, 105 So.2d at 864.
In the present case, the sale was duly publicized for four consecutive weeks in The Evergreen Courant, a local newspaper of general circulation. The appellant and at least two other persons learned of the auction and appeared at the Conecuh County Courthouse on the date the sale was to take place to bid for the property. There has been no hint, not to mention any evidence, of fraud or unfairness that prevented any prospective bidders from learning of the January 9, 1989, sale. The bidders present engaged in a competitive bidding process, as shown from the clerk's notes. See Sanford v. Sanford, supra.
The mere fact that someone has come forward with a bid higher than that of the appellant, even if proven, does not make the appellant's bid inadequate so as to require that the sale be set aside. In Martin v. Martin, supra, the Court of Civil Appeals held that even a subsequent bid that represented a substantial increase over the initial purchase price would not be grounds for the trial court's not confirming the sale. This Court, in Sanford v. Sanford, supra, stated the rule in this manner:
 " 'The purchaser at such a sale is due to have it confirmed if the price bid is measurably adequate, or not greatly less than its market value, although some of the parties may offer to bid a much larger sum at resale.' "
355 So.2d at 367 (quoting Spence v. Spence, 239 Ala. 480, 487,195 So. 717, 723 (1940)) (emphasis added in Sanford).
The ore tenus rule does not apply, however, when a court's conclusions on issues of fact are clearly erroneous, without supporting evidence, manifestly unjust, or against the great weight of the evidence. See, Gaston v. Ames, 514 So.2d 877
(Ala. 1987); Cougar Mining Co. v. Mineral Land MiningConsultants, Inc., 392 So.2d 1177 (Ala. 1981).
The facts of this case show that the trial judge's order setting aside the January 9, 1989, court-ordered sale was "manifestly unjust" to Samuel. The record reveals *Page 122 
that at the sale Samuel and another party entered bids. The record also shows that Samuel's bid of $19,000.00 was the "highest bid" received by the court clerk. Despite the plaintiffs' assertion at the hearing on their objection to the sale, that they knew of another party who would bid more for the property than the amount of Samuel's bid, this Court has held that such a belated assertion does not justify the setting aside of an earlier court-ordered sale. See, Martin v. Jones,268 Ala. 286, 105 So.2d 860 (1958); Spence v. Spence, 239 Ala. 480,195 So. 717 (1940); Glennon v. Mittenight, 86 Ala. 455,5 So. 772 (1889).
The plaintiffs' assertion that the $4,650.00 variance between the sale price and the appraised value made the sale price inadequate is without merit. Mere inadequacy of price is not a ground for setting aside a court-ordered sale, unless the bid price is so grossly disproportionate to the real value of the real estate as to "shock the conscience" of an honest person, and therefore create a presumption of fraud. Martin v. Jones, supra. A variance of $4,650.00 between the sale price and the appraised value is not so grossly disproportionate as to shock the conscience. In the Martin case, this Court held that a $2,750 variance between the sale price and the appraised value of the real estate was not enough to shock the conscience of an honest and just person and therefore did not create a presumption of fraud. 268 Ala. at 288, 105 So.2d at 863.
In this case, Samuel was not related to the plaintiffs, nor did he know them. Also, the record did not indicate the presence of any mistake, surprise, or unfair practice associated with Samuel's purchase at the court-ordered sale. The plaintiffs have advanced no theory of mistake, surprise, or unfair practice to justify their actions. Their sole claim is based on the $4,650.00 variance between the sale price and the appraised value. We conclude that the sale price was not so disproportionate as to "shock the conscience" and create a presumption of fraud.
For the above stated reasons, we reverse the order of the trial judge setting aside the court-ordered sale of the real estate and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ADAMS, HOUSTON and STEAGALL, JJ., concur.