ROBERT P. BRADLEY, Retired Appellate Judge.
Plaintiff appeals from summary judgment in a declaratory action on a contract and from a summary judgment against him on defendants’ counterclaim.
In September 1988 plaintiff, Henry L. Brown, filed a three-count complaint against Regal Nissan, Inc. and Nissan Motor Acceptance Corporation (“Regal” and “NMAC” respectively), seeking termination of a lease agreement on a motor vehicle and damages. The first count asserted a violation of § 7-1-102, Ala. Code 1975, by Regal and NMAC, alleging that their actions relating to the lease agreement did not reflect good faith, diligence, and reasonable care. The second count alleged that Regal and NMAC breached Paragraph H of the lease agreement relating to the termination of the lease in the event the vehicle was damaged beyond reasonable repair. The third count sought recovery *932 for the alleged breach of the lease on the basis of outrage.
After a pretrial hearing the trial court entered a pretrial order limiting the issues for trial to plaintiffs request for termination of the lease agreement because the vehicle had been damaged beyond repair and to recovery of all monies paid to defendants since the accident. The trial court also listed defendant Regal’s counterclaim for the unpaid balance due for the repairs to the leased vehicle. >
The trial court, in response to Regal’s and NMAC’s motions for summary judgment, dismissed the plaintiff’s case and, in response to Regal’s motion for summary judgment on its counterclaim against the plaintiff, entered judgment in favor of Regal for $954.16 plus interest.
In his brief on appeal plaintiff contends that the trial court improperly granted summary judgment for defendants in view of the genuine issues of fact raised by the complaint. Plaintiff then made arguments attempting to show the validity of each of the three counts in his complaint. But, as pointed out by the defendants, the trial court ordered that the only issue for trial would be whether Paragraph H of the lease agreement had been violated by the defendants. Plaintiff neither objected to the limitation of issues by the trial court nor asked the trial court for an amendment of the pretrial order to include the other two issues presented by the complaint. As noted above, the first time plaintiff attempted to argue the two omitted issues was in his brief on appeal. The argument on the omitted issues comes too late and, therefore, they are not properly before us. Arfor-Brynfield, Inc. v. Huntsville Mall Assoc., 479 So.2d 1146 (Ala.1985); and Currie v. Great Central Ins. Co., 374 So.2d 1330 (Ala.1979). Consequently, the only issue properly before us is whether defendants violated Paragraph H of the lease agreement by refusing to allow plaintiff to terminate the agreement.
The pertinent provisions of the lease agreement are as follows:
“The words T,’ ‘me,’ and ‘my’ refer to the Lessee signing this Lease (or to each Lessee, if more than one). The words ‘you’ and ‘your’ refer to the Lessor (and to Nissan Motor Acceptance Corporation (‘NMAC’), to which this Lease will be assigned).
[[Image here]]
“H. Termination and Default: I understand that I have no right to terminate this Lease before the end of the lease term, unless you, NMAC and I agree.... If the Vehicle is lost, stolen, confiscated or damaged beyond reasonable repair, you may terminate this Lease and determine my liability under the paragraph above; I will be credited for any insurance proceeds you receive .... ”
Plaintiff argues that Paragraph H requires that the lease be terminated if any one of the stated conditions occurs. In other words, he argues, if it is determined that it would not be reasonable to repair the vehicle, the lessors would be required to terminate the lease. Plaintiff says that Paragraph H should be construed by the court to accomplish the objects of the agreement. Additionally, he argues that such construction requires an interpretation consistent with reason, probability, and the practical aspects of the transaction.
Defendants reply that the terms of the agreement are clear and need no judicial interpretation.
It is settled Alabama law that where the terms of a contract are plain and unambiguous they must be enforced as written. Gray v. Reynolds, 514 So.2d 973 (Ala.1987). In Lilley v. Gonzales, 417 So.2d 161, 163 (Ala.1982), the supreme court said:
“Where a contract is unambiguous and plain in expression, we know of no canon of construction that warrants an interpretation the only effect of which is to relieve a party to the contract from consequences deemed by him hard or unfair. Where the parties express without ambiguity their intention, no court can alter the agreement, and no room for judicial construction is left.” (citations omitted)
In his deposition the plaintiff, an attorney, stated that only by mutual consent *933 between the lessors and himself could the lease agreement be terminated. Further, plaintiff stated he had no unilateral authority to terminate the lease even if the vehicle was damaged beyond reasonable repair.
Notwithstanding plaintiff’s interpretation of the lease, the terms of Paragraph H clearly give to the lessors the power to terminate the lease under the conditions enumerated therein. Should one of the conditions set out in Paragraph H occur, the lessors are empowered to terminate the lease and determine lessee’s liability. Lessors are required to credit any insurance payments they receive to the total amount owed on the lease by lessee. The clear implication of these provisions is that the lessors would not consider termination unless the lessee made clear he would be responsible for the balance owed on the lease less any insurance credits due him.
There is no evidence in the record that the plaintiff offered to satisfy the balance owing on the lease agreement. In fact, the plaintiff wanted the lease terminated as of the date of the accident without further payment.
Summary judgment should be rendered if, from the pleadings, answers, admissions, depositions, and affidavits, there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(e), Alabama Rules of Civil Procedure. Section 12-21-12, Ala.Code 1975, provides that proof by substantial evidence shall be required for the purpose of testing the sufficiency of the evidence to support an issue of fact in rulings by the court on motions for summary judgment. Substantial evidence is defined as “evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact sought to be proven.” § 12 — 21—12(d), Ala.Code 1975.
Based on the record evidence, we are convinced that there was no genuine issue of fact as to whether plaintiff could terminate the lease pursuant to the conditions of Paragraph H of said agreement. Consequently, the summary judgment for defendants is not erroneous.
Finally, plaintiff contends that the trial court erred by awarding defendant Regal a summary judgment on its counterclaim in the amount of $954.16, which is the balance due on the total repair bill of $9,419.76. Plaintiff says there is a dispute as to a material fact, i.e. did he have authority to authorize the repair and did he in fact authorize such repair?
There is dispute in the evidence as to who actually did authorize repairs to be made to the leased vehicle. However, whether the lessors did or did not authorize the repairs is immaterial to the question of the amount of monies owed by the lessee for the repairs, because it is clear from the provisions of the lease agreement that the lessee is responsible for any damage to the leased vehicle. He is further admonished to report any damage to lessors and lessee’s insurance company. Further, lessee agrees to assist lessors and lessee’s insurer in resolving any dispute over damage to the vehicle.
In the present case plaintiff notified his insurance company and Regal of the collision. He was told to have the vehicle released to Regal for repairs. He did so. Later he visited Regal’s body shop and learned that repairs would be made and that the cost would be paid by the other driver’s insurer, which was also lessee’s insurer. Subsequently, plaintiff received from the insurer a check in excess of $6,700. He took the check to Regal and asked them what he should do with it. He was advised that the total repair bill would not be known until the full extent of the damage was ascertained. However, he was advised not to be concerned, because, according to Regal, any supplementary damage would be paid for by the insurer.
The first bill plaintiff received from Regal was in the amount of $5,840.07. He paid Regal this amount. The insurer later paid Regal $2,625.53 for the supplementary damage repair. The total repair bill was $9,419.76. Plaintiff and the insurer had paid Regal $8,465.60, leaving a balance due of $954.16.
*934 As noted above, the first check sent to plaintiff by the insurer was for an amount in excess of $6,700, but plaintiff paid Regal only $5,840.07. The total amount paid by the insurer to plaintiff and Regal for the repairs amounted to approximately $9,400, which is about the same as the amount of the final bill.
Notwithstanding plaintiffs argument that he did not have authority to, and did not, authorize repairs to the leased vehicle, the lease agreement clearly makes plaintiff responsible for all damage to the leased vehicle. Consequently, we are unable to perceive any dispute as to whether he should pay the balance of the repair bill in the amount of $954.16, especially in view of the fact that the insurer had paid for practically all of the repair bill.
A motion for summary judgment is properly granted when the moving party has demonstrated that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Bass v. SouthTrust Bank, 538 So.2d 794 (Ala.1989).
There is no factual dispute over the total cost of the repairs to the leased vehicle. As stated above, plaintiff merely contends that he neither had authority to authorize, nor in fact did he authorize, the repairs. Since we have found that the plaintiff was contractually responsible for any damage to the leased vehicle, we find no error in granting summary judgment in Regal’s favor.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.