L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced by the Circuit Court of Jefferson County in 1980. Included in the divorce decree was a provision for the sale of two pieces of real estate and an equal division of the net proceeds of the sale. One piece of the real estate was soon sold and the proceeds divided as decreed. The second piece was apparently the home of the parties, which remained occupied by the husband. He lived there until 1992 and maintained the mortgage payments on the house as they came due. Though the decree directed that the property be sold within 120 days, the property remained unsold for the following ten years. Apparently neither party made an effort to sell until the wife filed a petition for rule nisi as to the other provisions of the decree.
The court ordered that the clerk of the court proceed to sell the property at a public sale according to statute. § 6-9-147, Code 1975. After proper advertisement, a public sale to the highest bidder was held by the clerk at the door of the Jefferson County Courthouse.
The agent of the husband was the highest and only bidder. His bid on behalf of the husband was $100 and assumption of the mortgage indebtedness of just over $4,000. The clerk sold him the property and promptly reported the sale to the court, where it was to remain for 10 days for the filing of exceptions.
Exception to the sale was filed by the wife. She charged that the bid price was so inadequate as to shock the conscience of the court and contended that it should be set aside. After considering the averments of the petition, with accompanying affidavits of the wife, answer and affidavit of the husband, together with written briefs of each party, the court denied the exceptions and affirmed the sale as reported by the clerk. Posttrial motion was denied. The wife appeals.
*693 The issue on appeal is whether the refusal to set aside the sale of the property was error.
This court has nothing before it by way of evidence except the allegations‘in the pleadings, conflicting affidavits of the parties as to the value of the property, and briefs of the parties. There is no indication of oral testimony or expert evidence as to the value. There is no allegation or evidence of an improper sale or fraud. It appears from the briefs that the wife had notice of the time and place of the sale. She was present and offered no bid. All of these listed things were considered by the trial court.
Whether to confirm or set aside a judicial sale in the absence of proof of fraud is a matter within the judicial discretion of the trial court. Hogan v. Carter, 431 So.2d 1160 (Ala.1983). It has been held that the charge of inadequacy of price does not require that a sale be vacated unless the inadequacy is so gross when compared to the actual value as to shock the conscience of the court and tend to create a presumption of fraud. Johnson v. Johnson, 572 So.2d 436 (Ala.1990); Samuel v. Mallory, 553 So.2d 119 (Ala.1989); Martin v. Jones, 268 Ala. 286, 105 So.2d 860 (1958).
Though the wife by affidavit gives her opinion that the property has a value of $35,000, the husband disputes that figure and states in his affidavit that it is badly in need of repair. It was further shown that the husband has made the mortgage payments for the eleven years since the divorce.
It is the opinion of this court that the learned trial judge considered and weighed all the equities surrounding the sale and decided adversely to the wife. This court cannot gainsay that decision in the absence of a showing of a gross abuse of his discretion.
We affirm.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court,
AFFIRMED.
All the Judges concur.