YATES, Judge.
These consolidated appeals concern the setting aside of a judicial sale of 120 acres of property, on the grounds that the price received was grossly inadequate in proportion to the property’s actual value. R.W. Davis, the initial purchaser of the property, appeals from the trial court’s refusal to confirm his purchase and its order that the property be resold. These cases were transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
The record reveals the following: On October 11, 1994, Mae Ola Bowman Battle and three of her adult siblings petitioned the circuit court for a sale of real estate for a division of the proceeds, alleging that they and 30 named defendants were tenants in common as to 120 acres of undeveloped land in Talladega County.
On February 23, 1995, the court ordered the clerk of the court to sell the property at public auction to the highest bidder, after first giving notice of the sale by publication for four successive weeks in a local newspaper of general circulation. On April 10,1995, Davis bid against others at a public auction and procured the property for $25,000. That same day, the trial court ordered that the circuit clerk’s report of the sale “lie over” for five days for objection by any of the parties; Battle moved to set aside the sale on the grounds that the price obtained for the prop *462 erty was inadequate. In response to her motion, Davis moved to confirm the sale. It is undisputed that Davis was a stranger to the proceedings, i.e., that he was not a member of or related to the group that petitioned for the sale.
The court heard ore tenus testimony on the motions. Battle submitted evidence that the property had been appraised at $66,500 for tax purposes. Larry Cain, a local real estate agent and appraiser, testified that he had inspected the property and that, in his opinion, the value of the property was between $60,000 and $65,000. He also presented a guaranteed bid of $42,000 that he had procured from a third party in the event the court ordered the land resold. Battle’s attorney stated at the hearing that he was not alleging actual fraud in Davis’s purchase of the land, but merely that the price received was inadequate when compared to the land’s value.
On April 28, 1995, the trial court set aside the sale to Davis, stating in its order:
“$25,000 is measurably inadequate and is greatly less than the market value of the subject lands. Although there is no allegation or contention as to any actual fraud in connection with the sale of April 10, 1995, the sale price was so grossly disproportionate to value as to be, as a matter of law, fraud on the sellers. The Court finds that this sale should not be confirmed, but should be set aside, and the property should be resold.”
Davis moved to alter, amend, or vacate the court’s judgment, and moved to stay the pending resale. After a hearing, the trial court denied both motions on May 25, 1995, noting that “the sale of the land in question shall be subject to final disposition of [Davis’s claim] if he appeals the judgment of this court.”
On May 30, 1995, Davis appealed to the supreme court from the trial court’s April 28 order. On May 31, 1995, the property was resold at auction; the record indicates that although Davis was present at the resale, he apparently did not bid again upon the property. On June 14,1995, Davis filed an objection to the clerk’s report of the resale and moved to alter, amend, or vacate its confirmation, contending that the resale should have been stayed because he had appealed before the resale. The trial court denied Davis’s objection and confirmed the second sale by a final judgment entered on June 22, 1995. Davis again appealed to the supreme court; that court transferred both cases to this court.
In his appeal from the April 28 order setting aside the original sale of the property, Davis contends that the trial court’s actions constituted an abuse of discretion. In his appeal from the June 22 order confirming the resale of the property, Davis contends that all actions taken by the trial court after May 30, 1995, including the resale, are null and void for want of jurisdiction, because he had on that date filed a notice of appeal from the trial court’s April 28 order.
An appellate court will generally apply the “ore tenus rule” in a dispute involving the partition or sale of real estate where evidence was presented to a trial judge without a jury, and a presumption of correctness will be given to the trial court’s findings of fact. Samuel v. Mallory, 553 So.2d 119 (Ala.1989). Further, under the ore tenus rule, an appellate court will not reverse a trial court’s decision based on ore tenus evidence unless it is “plainly and palpably wrong.” Id., at 120. Whether to confirm or to set aside a judicial sale in the absence of proof of fraud is a matter within the judicial discretion of the trial court. Thompson v. Milam, 628 So.2d 692 (Ala.Civ.App.1993).
Davis asserts that when property is purchased at a judicial sale by a stranger to the proceeding, the sale will not be set aside for mere inadequacy of price, no matter how gross, in the absence of a showing of fraud or unfair practice at the sale. See, e.g., Jetton v. Jetton, 502 So.2d 756 (Ala.1987); Martin v. Jones, 268 Ala. 286, 105 So.2d 860 (1958). However, this rule is not absolute, as the supreme court indicated in Samuel, supra, 553 So.2d 119.
In Samuel, a trial court had ordered the public auction of a piece of property after the sale had been advertised for four weeks in a newspaper of general circulation. The appellant, a stranger to the proceedings, successfully bid $19,000 for the property, which had been appraised at $23,650; he appealed when *463 the trial court set the sale aside solely on the grounds that the price obtained was inadequate. The supreme court reversed the order setting aside the sale and remanded the case, finding the $4,650 difference between Samuel’s bid and the appraised value to be acceptable. The court noted the existence of Alabama case law holding that, where a stranger to the proceedings is involved, mere inadequacy of the sales price is not alone sufficient grounds to set aside a judicial sale. See, e.g., Jetton, supra. However, the supreme court then went on to state, “Mere inadequacy of price is not a ground for setting aside a court-ordered sale, unless the bid price is so grossly disproportionate to the real value of the real estate as to ‘shock the conscience’ of an honest person, and therefore create a presumption of fraud.” Samuel, supra, at 122 (emphasis added); see also Martin, supra.
Therefore, here the focus of our inquiry is not upon whether Davis’s bid was lower than the market value of the property, but instead upon whether his bid was so inadequate as to shock the conscience and create a presumption of fraud. If it was that inadequate, then that fact would warrant ordering a new sale. Samuel, supra, at 121.
After reviewing the evidence regarding the first sale, we cannot hold that the trial judge abused his discretion in setting aside the sale. We note that the realtor’s testimony of a higher potential bid on resale is insufficient to set aside the sale. The mere fact that someone has come forward at a later date with a bid higher than that of the first buyer, even if proven, will not make the original sale price inadequate so as to require that a judicial sale be set aside. Samuel, supra, at 121. However, the trial judge also heard evidence suggesting that the land was worth up to $40,000 more than Davis had paid for it at the initial auction. It is clear, considering the rationale discussed in Samuel, that this disparity between the land’s value and Davis’s bid shocked the conscience of the trial judge. Mindful of the presumption of correctness given to the trial court’s findings of fact, we cannot hold that the trial judge abused his discretion in setting aside the sale and ordering that the land be resold. See also Knouff v. Knouff, 516 So.2d 241 (Ala.1987).
Davis contends in his appeal of the June 22, 1995, order confirming the resale that all action taken by the trial court after May 30, 1995, the date on which he filed his notice of appeal from the April 28 order, is null and void for want of jurisdiction. He correctly notes that a trial court’s order confirming or setting aside a judicial sale is final in the sense that it will support an appeal. See Hendrix v. Francis, 203 Ala. 342, 83 So. 66 (1919). However, we disagree with Davis’s contention that the mere filing of a notice of appeal, and nothing more, will operate to prevent a trial court from proceeding with a second judicial sale. The procedure for securing a stay of proceedings to enforce a judgment is well established. Rule 62, Ala.R.Civ.P., states in part:
“(d) ... When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule. The bond may be given at or after the time of filing the notice of appeal or of procuring the order following the appeal, as the ease may be. The stay is effective when the supersedeas bond is approved by the court.”
The record indicates that Davis never posted a supersedeas bond. Consequently, he was not entitled to stay the resale simply because he had filed a notice of appeal. We also note that in Samuel, supra, 553 So.2d 119, 120, the appellant obtained a stay of the proceedings from the supreme court after the trial court had refused a stay. Here, the record in this case indicates no such action by Davis. The trial court did not err in refusing to stay the resale; it correctly noted in its order that “the [rejsale of the land in question shall be subject to final disposition of [Davis’s claim] if he appeals the judgment of this court”.
Both judgments appealed from are affirmed.
AFFIRMED.
ROBERTSON, P.J., and CRAWLEY, J., concur.